USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]

 United States Court of Appeals
 For the First Circuit

No. 98-1609

 VITO STEFANO PROVENZANO,

 Petitioner,

 v.

 IMMIGRATION AND NATURALIZATION SERVICE,

 Respondent.

 PETITION FOR REVIEW OF AN ORDER
 OF THE BOARD OF IMMIGRATION APPEALS

 Before

 Boudin, Circuit Judge,
 Aldrich, Senior Circuit Judge,
and Shadur, Senior U.S. District Judge.

 Stephen A. Lagana with whom Lagana & Associates was on brief
for petitioner.
 Brenda M. O'Malley, Attorney, Office of Immigration
Litigation, with whom Karen Ann Hunold, Senior Litigation Counsel,
and Frank W. Hunger, Assistant Attorney General, were on brief for
respondent.

February 25, 1999

 Per Curiam. Vito Stefano Provenzano, who entered the
 United States from Italy in 1983 as a non-immigrant visitor
 for pleasure, among other misconduct over-stayed; obtained
 unlawful employment; paid no income tax on his wages;
 purchased a counterfeit Temporary Resident Card; and, in
 January 1992, went back to Italy with it to attend to a family
 matter and returned on January 29 only to have the fraud
 discovered. He signed a sworn statement admitting the
 counterfeiting and, withdrawing his application for admission,
 returned to Italy.
 Skipping some in-between matters, including marriage
 to a naturalized American citizen and unlawful entry from
 Canada, on February 2, 1993 Provenzano obtained an immigrant
 visa from an American Consular Officer in Naples by
 representing that, among other things, he had never been
 refused admission into the United States or sought entry
 through fraud or misrepresentation. On February 6 in Boston
 the INS refused admission and placed him into exclusion
 proceedings. After several hearings an immigration judge
 found him excludable, but granted a discretionary waiver of
 inadmissability under 8 U.S.C. 1182(i). On an appeal by the
 INS the Board of Immigration Appeals reversed on August 1,
 1997. Its six main reasons, plus incidentals, make one wonder
 at the earlier decision. We pass the subsequent proceedings
 that lead to our present question: whether the Board's denial
 to reopen that decision because of inadequate counsel should
 be reversed. The claim on appeal revolves around
 Provenzano's representations that he had never been refused
 entry or fraudulently sought entry.
 It could be found that Provenzano had been advised by
 counsel that he could say he had never been refused entry in
 light of the fact that he had withdrawn his application before
 formal action and that he had acted reasonably in relying on
 that advice. There was no such claim or support for the
 serious misrepresentation that he had never sought entry
 through fraud or misrepresentation. The Board wrote a
 persuasive opinion on May 21, 1998. The appeal is meritless.
 Affirmed.